**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

MUSARRAT ROOHI HUSAIN,

        *Plaintiff*,

   v.

GAYLE E. SMITH,[1]
Administrator, United States Agency for
International Development,
*et al.*,

        *Defendants*.

Civil Action No. 15-708 (RDM)

---

## <u>MEMORANDUM OPINION AND ORDER</u>

This is action against the United States Agency for International Development

("USAID") and the United States brought by a former USAID employee, Musarrat Roohi

Husain.  During her tenure at USAID, Husain filed six administrative complaints against the

agency alleging unlawful discrimination, Dkt. 14 at 20–30 (Am. Compl. ¶¶ 46–80), and two

related claims against the United States under the Federal Torts Claims Act ("FTCA"), *id.* at

30–34 (¶¶ 81–99).  These administrative complaints alleged various forms of workplace

discrimination and other mistreatment under a host of federal and local statutes.  Husain

subsequently filed this action, asserting twenty-four claims against USAID and the United States,

including, among other things, claims for violations of the Fifth and Fourteenth Amendments of

the U.S. Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation

---

[1]  Rajiv Shah, the defendant named in Husain's original complaint, is no longer the Acting
Administrator of USAID.  Gayle E. Smith, USAID's current Administrator, is accordingly
substituted as the defendant.  *See* Fed. R. Civ. P. 25(d).

Act, the District of Columbia Whistleblower Protection Act ("DCWPA"), the federal

Whistleblower Protection Act ("WPA"), and the FTCA.  *See id.* at 37–49 (¶¶ 106–37).  USAID

and the United States have now moved to dismiss many—but not all—of those claims, Dkt. 23,

and Husain has cross-moved for summary judgment, Dkt. 28.  For the reasons discussed below,

the defendants' partial motion to dismiss is GRANTED, and Husain's cross-motion for summary

judgment is DENIED.

## I.    BACKGROUND

When, as here, a plaintiff is proceeding *pro se*, her complaint must "be liberally

construed" and held to "less stringent standards than formal pleadings drafted by lawyers."

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To this end, courts will often consider all of a *pro se*

plaintiff's filings—and not merely her complaint—in evaluating a motion to dismiss.  *See Brown*

*v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).  There are limits to this

forbearance, however, and even when a plaintiff is proceeding *pro se*, a district court is not

"obliged to sift through hundreds of pages . . . to make [its] own analysis and determination of

what may[ ] or may not" support the plaintiff's claims.  *Twist v. Meese*, 854 F.2d 1421, 1425

(D.C. Cir. 1988).  This is such a case.  Husain has filed more than 500 pages of attachments.  *See*

Dkts. 2–8.  The complaint often refers generally to "the exhibits," *see, e.g.*, Dkt. 14 at 4, 24, 29

(Am. Compl. ¶¶ 9, 59, 78), without specifying where in the lengthy series of exhibits the

supporting documents can be found.  As a result, where the Court can reasonably discern the

nature of Husain's claims, the Court will address the legal sufficiency of those claims.  But,

where it can only speculate as to what Husain intends to allege, the Court will not, in effect,

"assume the role of advocate" and fill in the gaps left in Husain's complaint.  *Miller v. Kemp*,

No. 11-cv-0530, 2012 WL 1592537, at *3 (N.D. Okla. May 4, 2012).

The substance of Husain's claims in this action is perhaps discerned best by looking to the eight administrative complaints that she unsuccessfully pursued before USAID, which form the gravamen of her current claims.  They are as follows:

(1)      Husain filed an Equal Employment Opportunity ("EEO") complaint with USAID's Office of Civil Rights and Diversity on May 16, 2013, alleging that the agency had violated the Health Insurance Portability and Accountability Act ("HIPAA") and the Privacy Act.  Dkt. 14 at 21 (Am. Compl. ¶ 48).  This complaint asserted that an agency director unlawfully shared "confidential medical information" with other USAID employees.  *Id.* (¶ 47); *see also* Dkt. 3 at 63–65.  Five days after filing this complaint, Husain was suspended for three days.  Dkt. 14 at 21 (Am. Compl. ¶ 49).

(2)      Husain filed a "Reasonable Accommodation" request on May 14, 2014, to compel USAID to accommodate her medical conditions, particularly her alleged brain surgery, along with her extreme stress and her need to take certain medication.  *Id.* at 5–6 (¶¶ 11–16); *see also* Dkt. 5 at 60–67.  The agency allegedly failed to respond.  Dkt. 14 at 22 (Am. Compl. ¶ 52).  In an EEO complaint filed June 7, 2014, Husain maintained that the agency had failed to move her out of a "very unsafe, threatening, hostile work environment."  *Id.* (¶¶ 52–54).

(3)      USAID issued Husain a "Notice of Proposed Termination" on July 8, 2014, for "Failure to Carry out Assignments," "Failure to Maintain a Regular Work Schedule," and "Insubordination."  *Id.* at 23 (¶ 55); *see also* Dkt. 4 at 48.  After receiving this "Notice of Proposed Termination" and an administrative suspension, Husain filed her third EEO complaint on July 10, 2014, asserting that USAID issued the termination letter in retaliation for her prior protected EEO activity.  Dkt. 14 at 24 (Am. Compl. ¶ 59).

(4)     Husain sent an email on August 12, 2014, challenging her termination on the ground that it was "based on false accusations, pretexts and retaliation because of her prior EEO activity," *id.* at 23 (¶ 56), but USAID never responded, *id.* (¶ 57).  She then filed her fourth EEO complaint on August 14, 2014, arguing that the USAID retaliated against her for her earlier EEO filings.  *Id.* at 24 (¶ 60).  USAID issued its final decision to terminate Husain on September 4, 2014, and Husain received a letter describing this termination a week later.  *Id.* (¶¶ 61–62). Husain alleges in this action that she was denied due process because USAID did not conduct an investigation into her termination, and because she was denied a fair opportunity to defend herself before the termination decision was made.  *Id.* at 25 (¶¶ 63–64).  USAID, however, withdrew Husain's termination on October 17, 2014.  *See* Dkt. 5 at 23.  It then reissued a notice of final removal in a letter dated November 25, 2014, with an effective date of January 11, 2015. Dkt. 14 at 28 (Am. Compl. ¶¶ 73–74); *see also* Dkt. 23 at 4 (Defs.' Mem. at 2).

(5)     After the USAID terminated her, Husain filed a fifth EEO complaint on or around February 3, 2015, *see* Dkt. 14 at 26 (Am. Compl. ¶ 67), claiming that the USAID discriminated and retaliated against her on the basis of her "prior EEO activities, race, color, national origin, and religion" when it failed to provide her with personnel documents necessary for her application for unemployment benefits, *id.* at 25–26 (¶¶ 65–71).  The crux of this claim was that USAID's refusal to provide her with her personnel file was intended to punish her for past EEO activity.  *Id.* at 27 (¶ 69).

(6)     Husain's sixth and final EEO complaint, filed on February 4 or 5, 2015, claimed that the USAID wrongfully reissued its termination on November 25, 2014, in a discriminatory fashion, violating her "fundamental constitutional right[] to due process."  *Id.* at 28–29 (¶¶ 75, 77).

(7)     Husain filed her first FTCA claim with the USAID's Office of General Counsel on June 10, 2014, alleging that her termination was the result of the USAID's "negligence, wrongful act[s], omissions, violation[s] of mandatory laws, unlawful retaliation, discrimination and harassment." *Id.* at 30–31 (¶ 84); *see also* Dkt. 23 at 18–19 (Defs.' Mot. to Dismiss Ex. A).

(8)     Husain filed her second FTCA claim with USAID's Office of General Counsel on September 30, 2014.  Dkt. 14 at 33 (¶ 94).  This claim alleged widespread negligence by the USAID against Husain, specifically in its failure to undertake any investigation into her prior EEO complaints.  *Id.* at 34 (¶¶ 97–98).

Husain did not receive administrative relief with respect to these complaints, and she subsequently brought suit before this Court.  Her amended complaint includes twenty-four counts.  *See* Dkt. 14.  The USAID has moved to dismiss all but five of these counts.  *See* Dkt. 23.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges the Court's jurisdiction to consider a claim.  Fed. R. Civ. P. 12(b)(1).  The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over each claim asserted.  *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).  The Court "must accept as true all the factual allegations in the complaint," *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must accord the movant "the benefit of all inferences that can be derived from the facts alleged," *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  A 12(b)(1) motion may take one of two forms.  First, the motion may challenge the adequacy of the jurisdictional averments of the complaint; if the complaint "fails facially to plead facts sufficient to establish" subject-matter jurisdiction, the Court must dismiss the complaint.  *Achagzai v. Broad. Bd. of Governors*, No. 14-cv-768, 2016 WL 1089214, at *4 (D.D.C. Mar. 8, 2016).

Second, the motion may rely on facts beyond those alleged in the complaint, and, where those facts are in dispute, the Court may resolve those factual questions necessary to determine its jurisdiction.  *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

A Rule 12(b)(6) motion follows a single procedure.  To withstand a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  The Court need not, however, "accept inferences" that "are unsupported by the facts set out in the complaint[,]  [n]or must the court accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Thus, a movant may prevail on a 12(b)(6) motion only by "demonstrating that the facts alleged in the complaint, and accepted as true for purposes of resolving the motion, do not warrant relief."  *Achagzai*, 2016 WL 1089214, at *4 (citing *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997)).  Although district courts do not hold *pro se* litigants to the same pleading standards that apply to represented parties, "[e]ven under a liberal *pro se* standard, dismissal is appropriate where the plaintiff's complaint provides no factual or legal basis for the requested relief."  *Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011).

### III.    DISCUSSION

Husain's amended complaint includes twenty-four counts.[2]  Count 1 alleges a violation of due process under the Fifth and Fourteenth Amendments.  Dkt. 14 at 37 (Am. Compl. ¶ 106). Counts 2 and 3 allege violations of Title VII and 42 U.S.C. § 1983.  *Id.* at 37–38 (¶¶ 107–09). Count 4 alleges that the USAID engaged in a "conspiracy" to prevent Husain from receiving a fair hearing and appropriate remedies.  *Id.* at 39 (¶ 110).  Counts 5, 6, 7, 8, and 11 allege various types of workplace discrimination or retaliation under Title VII.  *Id.* at 39–41, 42 (¶¶ 111–15, 118).  Counts 9, 12, 13, 14, 15, and 16 allege common law tort claims.  *Id.* at 41–44 (¶¶ 116, 119–26).  Counts 17 and 18 allege violations of the DCWPA and the WPA.  *Id.* at 45–46 (¶¶ 127–29).  Counts 10 and 19 allege violations of the Rehabilitation Act.  *Id.* at 41, 46 (¶¶ 117, 130).  Count 20 alleges a violation of the District of Columbia's Human Rights Act.  *Id.* at 47 (¶ 131).  Count 21 alleges a violation of the FTCA.  *Id.* at 47 (¶ 132).  Counts 22 and 23 allege constitutional claims against the USAID under the First Amendment and against its employees under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id.* at 48–49 (¶¶ 135–36).  Finally, Count 24 alleges a violation of HIPAA and the Privacy Act.  *Id.* at 49 (¶ 137).  The USAID has moved to dismiss all Counts except Counts 5, 6, 7, 8, 11, 19, and 20, which allege claims under Title VII and the Rehabilitation Act.  *See* Dkt. 23 at 15 (Defs.' Proposed Order).

---

[2]  The first twelve counts of the complete are numbered sequentially.  The remaining twelve, however, start at "Count 9" and repeat numbers 9–12.  To avoid confusion, the Court will renumber the final twelve counts as Counts 13–24.

A.    **Husain's Duplicative or Improper Discrimination, Retaliation, and Disabilities Claims (Counts 2, 3, 4, 9, 10, 12 and 21)**

Title VII provides the exclusive judicial remedy for federal employees who allege that they are victims of workplace discrimination based on their race, color, religion, sex, or national origin, *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976), and the Rehabilitation Act provides the exclusive judicial remedy for federal employees who allege that they are victims of workplace discrimination based on disabilities, *see Richardson v. Yellen*, No. 14-cv-1673, 2016 WL 890570, at *9 (D.D.C. Mar. 8, 2016) ("It is well known that 'the Rehabilitation Act is the exclusive remedy for federal employees alleging disability discrimination.'" (quoting *Welsh v. Hagler*, 83 F. Supp. 3d 212, 222 (D.D.C. 2015)); *see also, e.g.*, *Humm v. Crowell*, 172 F.3d 48 (6th Cir. 1998); *Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995); *Gomez v. U.S. Postal Serv.*, 32 Fed. App'x 889, 893 (9th Cir. 2002); *cf. Shirey v. Devine*, 670 F.2d 1188, 1191 n.7 (D.C. Cir. 1982) (dicta).  Defendants do not seek dismissal of Counts 5 (retaliation), 6 (race discrimination), 7 (national origin discrimination), 8 (disparate treatment), 11 (harassment), or 19 (disability discrimination), all of which allege claims under Title VII or the Rehabilitation Act. They do, however, seek dismissal of duplicative clams and claims that fail to invoke the *exclusive* remedies available to federal employee seeking to recover for allege workplace discrimination.

The Court agrees that Husain's duplicative claims and her discrimination claims that rely on causes of action other than Title VII and the Rehabilitation Act should be dismissed.  The Court will, therefore, dismiss Count 2 as duplicative of Counts 5, 6, 7 and 8.  To the extent Count 3 alleges a Title VII claim, it is also dismissed as duplicative, and, to the extent it alleges a claim under 42 U.S.C. § 1983, that claim is dismissed because § 1983 does not provide a cause of action for discrimination in the federal workplace.  Count 4 alleges that Husain was the victim of

an "illegal conspiracy," but relies on only "the facts" alleged "above" in the complaint.  To the extent this claim incorporates Husain's allegations that she was the victim of workplace discrimination and was incorrectly denied administrative relief for that discrimination, it is duplicative of Husain's Title VII and Rehabilitation Act claims, and, to the extent it is premised on other alleged misconduct, it lacks sufficient clarity to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.  *See, e.g.*, *Iqbal*, 556 U.S. at 678 (explaining that Rule 8 demands more than "labels and conclusions" or "naked" factual assertions).  Count 9, which alleges intentional and negligent infliction of emotional distress, suffers from a similar flaw.  To the extent Husain seeks to recover for emotion distress she suffered based on USAID's allegedly discriminatory conduct, her exclusive remedies lie in Title VII and the Rehabilitation Act, and, to the extent she is alleging that she suffered emotional distress based on other misconduct, Count 9 lacks the clarity required by Rule 8.

Count 10 alleges that USAID discriminated against Husain based on her alleged disability.  Although Husain does not expressly invoke the Rehabilitation Act in this claim, that statute provides the sole remedy for alleged discrimination in the federal workplace based on a disability, and, so construed, the claim is duplicative of Count 19.  Count 12 alleges that Husain was the "victim of [an] unlawful and continuing pattern[ ] of lies, misrepresentations and omission of material facts . . . in documents related to her wrongful discharge in retaliation [for] her EEO complaint."  Dkt. 14 at 42 (Am. Compl. ¶ 119).  Again, this claim fails for one of two reasons.  To the extent the claim alleged that Husain was discharged in retaliation for protected EEO activity, her exclusive remedy lies in Title VII and the retaliation claim (Count 5) which the defendants have not sought to dismiss, and, to the extent Count 12 is based on other alleged misconduct, it lacks sufficient clarity under Rule 8.  Finally, Count 21 purports to invoke the

FTCA, but relies on the defendants' alleged "violation[s] of federal EEO laws, [the] Rehabilitation Act of 1973," and a host of unspecified "laws, polic[ies], rules, regulations, jurisprudence, directives and . . . rights." *Id.* at 47 (¶ 132). Thus, to the extent the Court can discern the basis of this claim, it too seems to turn on Husain's underlying discrimination claims and is, as a result, either duplicative or beyond the scope of the exclusive remedies provided by Congress.

The Court will accordingly dismiss Counts 2, 3, 4, 9, 10, 12 and 21 of the complaint.

**B.      Sovereign Immunity (Counts 1, 13, 14, 15, 16, 22, and 23)**

The United States enjoys sovereign immunity and thus may be sued only if it has waived that immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Moreover, although sovereign immunity does not bar suits for constitutional torts brought against federal officials in their *personal* capacities, *see Bivens*, 403 U.S. at 390–98, it does bar suits against federal officials sued in their *official* capacities, *see Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) (holding that sovereign immunity "bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government"). "Sovereign immunity is jurisdictional in nature," so the Court must ask if the United States has consented to suit before considering a claim against the federal government. *Meyer*, 510 U.S. at 475; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Count 16 of the complaint alleges "negligent hiring, negligent supervision [and] negligent retention" under D.C. law and federal laws. Dkt. 14 at 44–45 (Am. Compl. ¶¶ 124–26). The Court will assume that Husain intends to bring this claim under the FTCA because it asserts a right to recover from a federal agency for various common law torts. In particular, Count 16

alleges that USAID "failed to provide appropriate and effective management" and that USAID management lacked the "skills, training, experience and competence" necessary to comply with "federal and District of Columbia laws . . . against discrimination, retaliation and other principles of management." *Id.* (¶¶ 124–25). To the extent this claim seeks to recover for alleged acts of discrimination, it fails for the reasons discussed above. But, to the extent it seeks to recover for inadequate training and supervision, it fails for another reason: the FTCA's waiver of sovereign immunity does not apply to "an act or omission" of a federal employee "based upon the . . . performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). More specifically, the D.C. Circuit has recognized that "decisions concerning the hiring, training, and supervising of [a sovereign entity's] employees" constitute "discretionary" governmental functions. *Beebe v. Wash. Metro. Area Transit Auth.*, 129 F.3d 1283, 1287 (D.C. Cir. 1997); *see also Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 197 (D.D.C. 2002). As a result, the United States has not waived its immunity for claims, like those asserted in Count 16, alleging negligent hiring, supervision, or retention.

Count 13 alleges misrepresentation and fraud, Count 14 alleges intentional interference with economic relations, and Count 15 asserts a claim for defamation. Dkt. 14 at 42–44 (¶¶ 119–23). The Court will again assume that these common law tort claims are brought under the FTCA. Under the "intentional torts" exception to the FTCA, however, a plaintiff may not sue the United States for claims that "aris[e] out of . . . libel, slander, misrepresentation, [or] deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see also Gardner v. United States*, 213 F.3d 735, 737 n.1 (D.C. Cir. 2000) ("[S]uits for label or slander are prohibited under the

[FTCA].").  Because Counts 13, 14, and 15 all fall within the "intentional torts" exception to the FTCA, the Court will also dismiss those claims.

Counts 1 and 22 allege violations of the First, Fifth, and Fourteenth Amendments to the Constitution.  Dkt. 14 at 37, 48 (Am. Compl. ¶¶ 106, 135).  Count 23 asserts a constitutional claim under the FTCA against the United States and under *Bivens* against unnamed individuals, but it fails to specify which individuals allegedly violated Husain's constitutional rights.  *Id.* at 49 (¶ 136).  The Supreme Court has held that a "constitutional tort claim is not 'cognizable'" under the FTCA.  *Meyer*, 510 U.S. at 475–79; *see also Clark*, 750 F.2d at 102–04 (holding sovereign immunity bars plaintiff's monetary claims for allegations of constitutional torts).  Thus, to the extent Counts 1, 22 and 23 arise under the FTCA, they are, accordingly, dismissed.  To the extent Husain seeks to bring any of these claims against any individuals under *Bivens*, she has a separate problem: "*Bivens* remedies do not exist against officials sued in their *official* capacities," *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (emphasis added), but against only "federal officers in their *individual* capacity," *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997) (emphasis added).  To state an individual capacity claim a plaintiff "must . . . allege that the defendant federal official was *personally* involved in the illegal conduct."  *Simpkins*, 108 F.3d at 369 (emphasis added).  Here, Husain has sued only the Administrator of USAID and the United States, and she has not identified a single act that could allow the Court to infer that the Administrator *personally* violated any of her constitutional rights.  The only references in the complaint to Rajiv Shah, the former USAID Administrator, are allegations that he "act[ed] illegally and negligently in the scope of [his] federal employment," Dkt. 14 at 31 (Am. Compl. ¶ 85), and that he was generally aware of her complaints.  Because the complaint lacks any allegation that the USAID Administrator played a personal role in the

actions giving rise to Husain's claims, the Court must conclude that she has sued the

Administrator only in his official capacity.[3]  Accordingly, the Court will also dismiss Counts 1,

22, and 23 of the complaint.

## C.     Federal and Local Whistleblower Protection Act (Counts 17 and 18)

USAID moves to dismiss Count 17, a DCWPA claim, on the grounds that Husain was

not an "employee" within the meaning of the D.C. Code.  Dkt. 23 at 12 (Defs.' Mem. at 10).

The DCWPA provides that "[a] supervisor shall not . . . retaliate against an employee because of

the employee's protected disclosure."  D.C. Code § 1-615.53(a).  The D.C. Code defines

"employee" as "any person who is a former or current District employee, or an applicant for

employment by the District government."  *Id.* § 1-615.52(a)(3).  Husain worked for the USAID,

a federal agency, at all times relevant to the complaint, and she has not alleged that she ever

worked for the District of Columbia.  Because the complaint does not allege that Husain was

ever an employee of the District of Columbia, the DCWPA is inapplicable.  The Court will,

therefore, also dismiss Count 17.

Count 18 alleges a violation of the federal WPA.  Dkt. 14 at 46 (Am. Compl. ¶¶ 128–29);

*see* 5 U.S.C. § 2302(b)(8).  USAID moves to dismiss this count, arguing that Husain failed to

exhaust her administrative remedies because she failed to raise her claim before the United States

Office of Special Counsel.  Dkt. 23 at 11–12 (Defs.' Mem. at 9–10).  The federal WPA protects

most federal agency employees "against agency reprisals for whistleblowing activity."  *Stella v.*

---

[3]  If Husain intended to sue Administrator Shah in his personal capacity, she has not alleged facts
sufficient to support a *Bivens* claim because she has not alleged any conduct by Shah that could
allow the Court plausibly to infer that Shah violated Husain's constitutional rights.  The Court
would therefore dismiss these counts under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678; *Twombly*,
550 U.S. at 570.

*Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002).  An employee seeking recovery for an alleged

unlawful reprisal under the federal WPA must first bring her claim to the Office of Special

Counsel.  5 U.S.C. § 1214.  If the Special Counsel finds through an investigation that a

prohibited action occurred, it will report its findings to the Merit Systems Protection Board

("MSPB").  *Weber v. United States,* 209 F.3d 756, 758 (D.C. Cir. 2000).  If the Special Counsel

does not find evidence of any prohibited action, the employee may bring an action before the

MSPB.  5 U.S.C. §§ 1221, 1214(a)(3).  The MSPB's decision is typically appealable to the

Federal Circuit.  *Id.* § 7703.  But in a "mixed case," where the plaintiff alleges both WPA claims

and discrimination claims, she has the choice to bring all her claims either to the MSPB or to the

agency's EEO office.  *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999).  She may not,

however, skip exhaustion altogether and bring her claims directly to district court.  *See Hamilton

v. Geithner*, 666 F.3d 1344, 1349–51 (D.C. Cir. 2012).  Here, there is no indication that Husain

raised her WPA claim with either the Special Counsel or the EEO.  The Court will, therefore,

dismiss Count 18 for failure to exhaust administrative remedies.

## D.     HIPAA and Privacy Act (Count 24)

Count 24 alleges violations of HIPAA and the Privacy Act, *see* Dkt. 14 at 49 (Am.

Compl. ¶ 137), which the Court will treat as two separate claims.

Husain alleges USAID's Human Resources Director violated these statutes when she

"maliciously . . . shared [Husain's] confidential medical information with several [o]ffices and

individuals within USAID and others."  *Id.*  USAID moves to dismiss Husain's HIPAA claim on

the ground that only the Secretary of the United States Department of Health and Human

Services, and not a private individual, may bring a HIPAA claim.  Dkt. 23 at 12–13 (Defs.'

Mem. at 10–11).  The Court agrees.  As courts have consistently recognized, HIPPA provides no

private right of action. *See, e.g.*, *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237 (D.D.C. 2005) (concluding "there is no private right of action under HIPAA of which the plaintiff can avail himself"); *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 196 (D.D.C. 2011) ("In light of the statutory language of § 1320d-5 and the apparent consensus among the courts that have considered the question, this Court finds that Plaintiff has no private HIPAA right of action."), *aff'd*, 493 Fed. App'x 107 (D.C. Cir. 2012); *Brown v. Hill*, No. 14-cv-0140, 2016 WL 1225773, at *3 (D.D.C. Mar. 28, 2016).  Instead, an individual's "only redress for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights." *Brown*, 2016 WL 1225773, at *3 (citing 45 C.F.R. § 160.306).  Husain, accordingly, has failed to allege a justiciable HIPPA claim.

"The Privacy Act regulates the 'collection, maintenance, use, and dissemination of information'" about individuals by federal agencies. *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (quoting *Doe v. Chao*, 540 U.S. 614, 618 (2004)).  Section 552a(b) provides that an agency shall not disclose any record "by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).  A claim for improper disclosure under the Privacy Act requires the plaintiff prove that "(1) the information in question is a 'record' contained within 'a system of records;' (2) the agency improperly 'disclosed' the information; (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional." *Krieger v. U.S. Dep't of Justice*, 529 F. Supp. 2d 29, 41 (D.D.C. 2008); *see also Doe v. U.S. Dep't of Treasury*, 706 F. Supp. 2d 1, 6 (D.D.C. 2009).

USAID argues that Husain's Privacy Act claim should be dismissed because she "does not explain what 'confidential medical information' was shared, when it was shared, or with

whom it was shared, nor does she state that such information was a record entitled to protection under the Privacy Act." Dkt. 23 at 13 (Defs.' Mem. at 11.) Although a complaint need not contain "detailed factual allegations," the Court agrees that Count 24 lacks sufficient detail to give USAID "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Husain has not identified or described the documents that she alleges were illegally disclosed. Nor has she identified where in her attachments these documents are located, if they are there at all. It is not the Court's role to scour a 500-page record to identify the particular documents that support Husain's contentions. She has also failed to allege that the information was part of a record contained within a system of records, that the alleged disclosure had an adverse impact on her, or that the disclosure was willful or intentional. Husain has thus failed, by any measure, to allege a claim "that is plausible on its face." *Id.* at 570.

Accordingly, the Court will dismiss Count 24 of the complaint.

## E.      Summary Judgment

Husain has also moved for summary judgment on all of her claims. *See* Dkt. 28. For purposes of summary judgment, the movant bears the burden of presenting evidence that "shows that there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), which would allow "a reasonable jury [to] return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Local Rule 7(h) further requires that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." When a movant fails to provide this statement, the Court is not obligated to do the legwork for the moving party, even if she is proceeding *pro se*. *See Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988). Here, Husain's motion consists of a single

sentence claiming that she is entitled to summary judgment.  *See* Dkt. 28 at 1.  She has not

included a statement of undisputed material facts, nor has she identified any undisputed evidence

demonstrating that she is entitled to prevail as a matter of law.  She has thus plainly failed to

carry her burden on summary judgment.  The Court will, therefore, deny Husain's motion for

summary judgment.

## CONCLUSION

In conclusion, Counts 2, 3, 4, 9, 10, 12 and 21 are **DISMISSED** as duplicative or beyond

the scope of the exclusive remedies provided by Congress.  Counts 1, 13, 14, 15, 16, 22, and 23

are **DISMISSED** for want of subject-matter jurisdiction.  Counts 17, 18, and 24 are

**DISMISSED** for failure to state a claim upon which relief can be granted.  Defendants have not

moved to dismissed Counts 5, 6, 7, 8, 11, and 19.  Those counts therefore remain.  Finally,

Husain's motion for summary judgment is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 19, 2016